IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TONYIA MCLAUGHLIN                                                    PLAINTIFF

vs.                                   Civil No. 6:21-cv-06048

COMMISSIONER, SOCIAL                                                 DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Tonyia McLaughlin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental

Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on August 22, 2019 (DIB) and on

September 6, 2019 (SSI).  (Tr. 10).  In both applications, Plaintiff alleges a disability onset date of

June 20, 2019.  *Id.*  In these applications, Plaintiff alleges being disabled due to severe recurring

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These
references are to the page number of the transcript itself not the ECF page number.

bipolar disorder, insomnia, fatty liver disease, leg edema, ankle swelling and instability, foot swelling and instability, anxiety, post-traumatic stress disorder, eosinophilic esophagitis, severe GERD, bleeding ulcers, panic attacks, suicidal ideations, high blood pressure (sporadic), and possible sleep apnea.  (Tr. 239).  These applications were denied initially on January 31, 2020 and were denied again upon reconsideration on May 7, 2020.  (Tr. 10).

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 34-71).  Plaintiff's administrative hearing was held in Hot Springs, Arkansas on December 2, 2020.  *Id.*  At this hearing, Plaintiff and Vocational Expert ("VE") Dianne Smith testified.  *Id.* During this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.963(c) (2008), and she had completed high school.  (Tr. 41-42).  *See also* (Tr. 24, Findings 7-8).

On January 12, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 7-33). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2024.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 20, 2019, her alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: asthma, chronic obstructive pulmonary disease, obstructive sleep apnea, degenerative disc disease, left foot capsular impingement, fibromyalgia, hypertension, depression, anxiety, and obesity.  (Tr. 13-14, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 14-16, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 17-24, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except cannot climb ladders, ropes, or scaffolds; must avoid concentrated exposure to excessive temperatures, wetness, and humidity; must avoid concentrated exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas; and can maintain concentration, persistence and pace for simple tasks; can understand carry out and remember simple work instructions and procedures, can make simple work-related decisions; can tolerate routine and superficial interaction with co-workers, supervisors, and the public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW.  (Tr. 24, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 25, Finding 10).  Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) routing clerk (light, unskilled) with 53,000 such jobs in the nation; and (2) merchandise marker (light, unskilled) with 20,000 such jobs in the nation.  (Tr. 25).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 20, 2019, through the date of his decision or through January 15, 2021.  (Tr. 25, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On March 12, 2021, the Appeals Council declined to review the ALJ's disability

determination.  (Tr. 1-4).  On April 26, 2021, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 26, 2021.  ECF No. 6.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff raises four claims for reversal: (A) the ALJ improperly evaluated her impairments in combination; (B) the ALJ improperly considered her obesity and the impact that obesity has on her physical and mental impairments; (C) the ALJ afforded improper weight to the opinions of her treating physician; and (D) the ALJ afforded improper weight to the opinion of her therapist, Nicole Bingham, LPC.  ECF No. 17 at 1-20.  The Court will consider each of these arguments for reversal as Plaintiff raised them.

**A.  Impairments in Combination**

Plaintiff claims she suffers from a number of different impairments that, in combination,

cause her to be disabled.  ECF No. 17 at 3-4.  In her briefing, she listed all of her alleged impairments and argued those impairments, when considered together, demonstrate she is disabled.  *Id.*  Defendant disputes Plaintiff's claim that the ALJ improperly considered her impairments and requests this case be affirmed.  ECF No. 18.

Upon review of this claim, the Court finds no basis for reversal on this issue.  While Plaintiff is correct that the ALJ is required to consider her impairments in combination, the record indicates the ALJ fully complied with this requirement in his decision.  Indeed, in his decision, the ALJ considered each of her impairments and found the "*combination* of impairments" did not meet or equal the severity of one of the Listings.  (Tr. 14) (emphasis added).  The ALJ also stated he considered all of Plaintiff's "medically determination *impairments* and *their* impact on the claimant's ability to perform work functions."  (Tr. 17) (emphasis added).  This language is sufficient to demonstrate the ALJ considered Plaintiff's impairments in combination.  *See, e.g., Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir. 2011).

### B.  Consideration of Plaintiff's Obesity

Plaintiff claims the ALJ erred in considering her obesity.  ECF No. 17 at 3.  Despite raising this claim, however, Plaintiff provides very little briefing on this issue.  Furthermore, it appears Plaintiff's argument is misplaced.

Indeed, in reviewing whether Plaintiff's impairments met the requirements of the Listings, the ALJ fully considered Plaintiff's obesity.  (Tr. 15).  The ALJ noted he was to consider Plaintiff's obesity and should consider obesity in combination with her other impairments: the ALJ recognized he should "continue to evaluate obesity, since the combined effects of obesity with other impairments can be greater than the effects of each of the impairments when considered separately."  (Tr. 15).  The ALJ also recognized the following: "At five feet, three inches tall, and

226 pounds, the claimant has a body mass index of 40, which indicates morbid obesity and exacerbates her physical impairments." (Tr. 18). Thus, the Court cannot find the ALJ improperly considered her obesity when assessing her alleged disability.

### C. Plaintiff's Treating Physician

As her third argument for reversal, Plaintiff claims the ALJ did not give proper weight to the findings of her treating physician, Dr. Charles Ball, M.D. ECF No. 17 at 5-14. In his opinion, however, the ALJ fully considered Dr. Ball's findings and reached the following conclusion:

> Dr. Ball's opinions are not considered persuasive. Overall, his opinions are not well-supported by the evidence in the record. Dr. Ball's opinions about the claimant limitations are far more restrictive than the mostly normal findings in the record, with one finding of a positive Straight Leg-Raising test, but otherwise normal gait (Ex. 7F). Dr. Ball indicates that the claimant has nerve impingement on her MRI, but that is inconsistent with the findings (Ex. 14F). There are no findings in the record consistent with manipulative limitations and no tests. The only indication of a diagnosis of fibromyalgia was provided in a *Treating Source Statement* from April 2020, prior to the evaluation and opinion. No evidence in the record or notes from Dr. Ball indicate any issue with fibromyalgia. These opinions and *statements* appear to rely heavily on the claimant's statements. Further, Dr. Ball's opinions about the claimant's mental health and limitations is outside of his expertise and practice area. These opinions are more restrictive than his own clinical notes and findings and is inconsistent with a finding of disability.

(Tr. 22).

Plaintiff argues these findings as to Dr. Ball are incorrect because she claims she was diagnosed with fibromyalgia on August 5, 2019, well before April of 2020 when the ALJ found she was diagnosed with fibromyalgia. ECF No.17 at 5-14. Upon review of this record from August 5, 2019, however, Plaintiff's subjective history failed to include any complaints of fibromyalgia, the examination did not include any trigger points or widespread pain, and the assessment did not list any such diagnosis of fibromyalgia. (Tr. 649-50). Subsequent visits with Dr. Ball still failed to include any diagnosis of fibromyalgia. (Tr. 489, 654, 657, 660, 664, 666,

668, 670, 673, 675, 677, 680, 683, 685, 688, 1277, 1303, 1306, 1309, 1311, 1313).  Thus, the Court

finds the ALJ properly evaluated the opinions of Plaintiff's treating physician, Dr. Ball.

### D.  Plaintiff's Mental Impairments

Plaintiff claims the ALJ erred in his consideration of her mental impairments and in

assessing the opinions of her therapist, Nicole Bingham, LPC.  ECF No. 17 at 15-20.  In his

opinion, the ALJ fully considered the findings of Ms. Bingham and found as follows:

> Ms. Bingham's opinions are not considered persuasive.  Ms. Bingham appears to
> rely heavily on the claimant's subjective reports and the provided treatment notes
> do not indicate more than moderate depressive symptoms.  Although the claimant
> has reported that problems with her mental are exacerbated by her physical pains,
> Ms. Bingham has not provided any function-by-function analysis of the claimant's
> physical limitations or abilities, nor does she have any practice in that area.

(Tr. 23).  Based upon this review and evaluation of Ms. Bingham's findings, the Court also finds

no basis for reversal.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is

supported by substantial evidence in the record and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 14th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE